**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEREMY JOHN BEASLEY,      )     No. C 09-2830 MMC (PR)
                      )
        Petitioner,     )    **ORDER OF DISMISSAL WITH**
                      )    **LEAVE TO AMEND; DIRECTIONS**
     v.               )    **TO CLERK**
                      )
FRANCISCO JACQUEZ, Warden,  )
                      )
        Respondent.    )
_____ )

On June 24, 2009, petitioner, a California prisoner incarcerated at Pelican Bay State

Prison ("PBSP") and proceeding pro se, filed the above-titled petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging his indeterminate placement in the PBSP

Security Housing Unit ("SHU") based on his validation as a gang member. Petitioner seeks

leave to proceed in forma pauperis.

**BACKGROUND**

In 2007, petitioner was validated as a member of the Aryan Brotherhood prison gang

and given an indeterminate term of confinement in the SHU. Petitioner's prison

administrative challenge to the validation and SHU placement was denied. Thereafter,

petitioner filed state habeas corpus petitions in which he similarly challenged the validation

and SHU placement. All of the petitions were denied.

Petitioner seeks declaratory and injunctive relief overturning his validation as a gang

member and ordering his release from the SHU.

**DISCUSSION**

A.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

United States District Court

For the Northern District of California

1  Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

2  order directing the respondent to show cause why the writ should not be granted, unless it

3  appears from the application that the applicant or person detained is not entitled thereto."

4  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the

5  petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See

6  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

7  431 U.S. 63, 75-76 (1977)).

B.       Petitioner's Claims

8          Petitioner alleges his Eighth and Fourteenth Amendment rights have been violated by

9  his validation as a gang member based on "false, unreliable and insufficient information" and

10  the consequent deprivation of his ability to earn early release credits and potential for release

11  on parole.  As noted, petitioner seeks declaratory and injunctive relief that would overturn his

12  gang validation and compel his release from the SHU.

13          Petitioner's claims are not cognizable in federal habeas corpus.  "'Federal law opens

14  two main avenues to relief on complaints related to imprisonment: a petition for habeas

15  corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. §

16  1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to

17  particulars affecting its duration are the province of habeas corpus.'"  Hill v. McDonough,

18  547 U.S. 573, 579 (2006) (quotation and citation omitted).  "An inmate's challenge to the

19  circumstances of his confinement, however, may be brought under § 1983."  Id.  While the

20  Supreme Court has not addressed whether a challenge to a condition of confinement may be

21  brought in habeas corpus, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the

22  Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a

23  successful challenge to a prison condition will not necessarily shorten the prisoner's

24  sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  In particular, where, as

25  here, a petitioner's successful challenge to his validation as a gang member and the

26  administrative segregation resulting therefrom will not necessarily shorten the prisoner's

27  sentence, habeas jurisdiction does not lie.  See id.  Accordingly, petitioner may not proceed

28  with his claim by way of federal habeas corpus and the petition must be dismissed.

Where a prisoner files a habeas petition attacking the conditions of his confinement

2

**United States District Court**
For the Northern District of California

1  the district court may construe such petition as a civil rights action under 42 U.S.C. § 1983.

2  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  The Court will not do so here,

3  however, unless petitioner affirmatively informs the Court that he wants this case to proceed

4  as a civil rights action.  Specifically, because § 1983 cases filed by prisoners are subject to

5  certain statutory requirements of which petitioner should be aware before deciding to proceed

6  with a § 1983 action, the Court will not construe the petition as a § 1983 action without

7  petitioner's consent.  In particular, § 1983 cases filed by prisoners are subject to a

8  requirement that the claims be administratively exhausted.  See 42 U.S.C. § 1997e(a).

9  Further, such cases are subject to a $350.00 filing fee, rather than the $5.00 dollar filing fee

10  for habeas cases, see 28 U.S.C. § 1914(a), and the fee must be paid even if in forma pauperis

11  status is granted, by way of deductions from the prisoner's trust account until the full

$350.00 fee is paid.  See 28 U.S.C. § 1915(b).  For these reasons, and perhaps others,

12  petitioner might not seek to have the instant action treated as a § 1983 case.  The Court

13  therefore will defer ruling on petitioner's in forma pauperis application and will dismiss the

14  case with leave to amend to allege a § 1983 action.  Should petitioner fail to do so, the case

15  will be dismissed without prejudice.

### CONCLUSION

17  For the foregoing reasons, the above-titled action is hereby DISMISSED with leave to

18  amend.  If petitioner intends to proceed with his claims under 42 U.S.C. § 1983, petitioner

19  shall, within **thirty (30)** days of the date this order is filed, file a § 1983 complaint using the

20  court's form civil rights complaint.  The complaint must be completed in its entirety, and

21  must include the caption and civil case number used in this order (No. C 09-2830 MMC

(PR)).  If petitioner fails to file a § 1983 complaint in conformity with this order, the action

22  will be dismissed without prejudice.

23  The Clerk shall send petitioner a copy of the court's form civil rights complaint,

24  instructions for completing it, and a return envelope.

25  IT IS SO ORDERED.

26  DATED: October 13, 2009

27  _____
MAXINE M. CHESNEY
United States District Judge

3