IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JOHN BEASLEY,<br><br>    Petitioner,<br><br>  v.<br><br>FRANCISCO JACQUEZ, Warden,<br><br>    Respondent.<br>_____ | No. C 09-2830 MMC (PR)<br><br>**ORDER OF DISMISSAL; DENYING RECONSIDERATION; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket Nos. 2, 5)** |

      On June 24, 2009, petitioner, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his indeterminate placement in the PBSP Security Housing Unit ("SHU") based on his validation as a gang member. Petitioner seeks leave to proceed in forma pauperis.

      On October 13, 2009, the Court determined petitioner's claims were not properly brought in habeas corpus and, instead, must be brought by way of a complaint under 42 U.S.C. § 1983. Consequently, the Court ordered petitioner to file, within thirty days, a § 1983 complaint, and informed petitioner that if he failed to do so the instant action would be dismissed without prejudice.

      Petitioner has not filed a § 1983 complaint. Rather, he has filed a motion for reconsideration of the Court's order of dismissal with leave to amend, in which motion he

states he does not wish to proceed with a § 1983 action and argues his claim is cognizable in federal habeas corpus. Petitioner's motion is without merit and, as discussed below, will be denied.

According to the allegations in the petition, petitioner was validated as a member of the Aryan Brotherhood prison gang in 2007 and given an indeterminate term of confinement in the PBSP SHU. Petitioner's prison administrative challenge to the validation and SHU placement was denied. Thereafter, petitioner filed state habeas corpus petitions in which he similarly challenged the validation and SHU placement. All of the petitions were denied. By way of the instant action, petitioner claims his Eighth and Fourteenth Amendment rights were violated; he seeks declaratory and injunctive relief overturning his validation as a gang member and ordering his release from the SHU.

In its order of dismissal with leave to amend, the Court summarized petitioner's claims and determined such claims were not cognizable in federal habeas corpus, explaining:

> Petitioner alleges his Eighth and Fourteenth Amendment rights have been violated by his validation as a gang member based on "false, unreliable and insufficient information" and the consequent deprivation of his ability to earn early release credits and potential for release on parole. As noted, petitioner seeks declaratory and injunctive relief that would overturn his gang validation and compel his release from the SHU.
>
> Petitioner's claims are not cognizable in federal habeas corpus. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quotation and citation omitted). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. While the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought in habeas corpus, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In particular, where, as here, a petitioner's successful challenge to his validation as a gang member and the administrative segregation resulting therefrom will not necessarily shorten the prisoner's sentence, habeas jurisdiction does not lie. See id. Accordingly, petitioner may not proceed with his claim by way of federal habeas corpus and the petition must be dismissed.

(Order, filed Oct. 13, 2009, at 2:8-27.)

As noted, the Court dismissed the petition and afforded petitioner leave to amend to

file the instant claims as a § 1983 complaint; additionally, the Court informed petitioner that if he did not so amend within 30 days, the action would be dismissed without prejudice.

In the instant motion, petitioner expressly informs the Court he does not intend to proceed with a § 1983 action. Additionally, he argues the Court erred in finding his claim cannot be brought in a habeas action, asserting that his gang validation and indeterminate confinement in the SHU necessarily affect the duration of his confinement because he knows of no one in similar circumstances who has ever been released on parole. Petitioner's argument is unavailing. Even if petitioner's gang validation were overturned and he was released from the SHU, such actions would not guarantee his release on parole. As the Court explained in its prior order, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not *necessarily* shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (emphasis added). As a successful challenge to petitioner's gang validation will not necessarily shorten his sentence his claim is not cognizable in habeas corpus. Consequently, the motion for reconsideration will be denied and the petition will be dismissed.

**CONCLUSION**

For the foregoing reasons the Court orders as follows:

1. In light of petitioner's financial status, petitioner's application to proceed in forma pauperis is hereby GRANTED. (Docket No. 2.)

2. Petitioner's motion for reconsideration is hereby DENIED. (Docket No. 5.)

3. The instant action is hereby DISMISSED without prejudice.

This order terminates Docket Nos. 2 and 5.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 14, 2010

MAXINE M. CHESNEY
United States District Judge